**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RICOBENE'S ON 26TH STREET, LLC, ) | |

RICOBENE'S ON 26TH STREET, LLC,    )
a limited liability company,    )
    )
    )
    Plaintiff,    )
    )
    vs.    )    Civil Action No.
    )
MOHSEN KHORASANI,    )
an individual, and    )
ARMORICO BREADED STEAK    )
COMPANY,    )
a corporation,    )
    )
    Defendants.    )

**COMPLAINT FOR SERVICE MARK INFRINGEMENT
AND RELATED CAUSES**

Plaintiff, Ricobene's On 26th Street, LLC, through its undersigned counsel, brings its complaint against defendants, Mohsen Khorasani and Armorico Breaded Steak Company, alleging as follows:

**<u>Parties</u>**

1.    Plaintiff, Ricobene's On 26th Street, LLC (hereafter "plaintiff" or "Ricobene's"), is an Illinois limited liability company with its principal place of business at 252 W. 26th Street, Chicago, Illinois 60613.

2.    Defendant, Mohsen Khorasani, (hereafter "Khorasani"), is an individual with his residence at 3811 Petra Court, Naperville, Illinois 60564.

3.     Defendant, Armorico Breaded Steak Company (hereafter "Armorico"), is an Illinois corporation with its principal place of business at 5019 Ace Lane, #131, Naperville, Illinois 60564.

4.     On information and belief, defendant Khorasani incorporated, owns, and directs and controls the activities of defendant Armorico.

## Jurisdiction

5.     This Court has jurisdiction over this matter by virtue of the fact that this is a civil action arising under the Trademark Laws of the United States, 15 U.S.C. §§ 1051-1127, jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a), and related state law, jurisdiction being conferred in accordance with 28 U.S.C. § 1338(b) and the principles of pendant and ancillary jurisdiction.

## Plaintiff And Its RICOBENE'S Mark And Logos

6.     Plaintiff is an Illinois limited liability company engaged in providing restaurant services.

7.     In 1946, long prior to the acts of defendants complained of herein, plaintiff's predecessor, Rosario Ricobene, adopted and began to use the service mark RICOBENE'S for a take-away food establishment in Chicago Illinois.

8.     Plaintiff's predecessor and the founder of RICOBENE'S restaurant, Rosario Ricobene, is pictured on the following page at his take-away food operation in the late 1940's or early 1950's:



9.      Plaintiff's predecessor expanded use of the RICOBENE'S mark to full restaurant and catering services.

10.     Plaintiff uses and has used the following signage to display its RICOBENE'S mark outside its restaurant on 26th Street in Chicago:



11.     Plaintiff has registered the mark EAT AT RICOBENE'S SINCE 1946 in the United States Patent And Trademark Office as Registration No. 3,351,087, dated December 11, 2007.  The aforesaid registration is valid and subsisting, owned by plaintiff, and, in accordance with provisions of the Trademark Laws of the United States (15 U.S.C. § 1051 *et seq.*), has become incontestable and constitutes conclusive evidence of the validity of plaintiff's aforesaid mark, plaintiff's ownership thereof, and plaintiff's exclusive right to use said mark in commerce.

12.     Over the years, plaintiff's RICOBENE'S restaurant has become well-known for

its food offerings, which are highly rated by the renowned Zagat organization.

13.    Plaintiff's RICOBENE'S restaurant has long been known for, *inter alia*, its Breaded Steak Sandwich, which plaintiff depicts in its advertising materials and menus as follows:



14.    Long prior to the acts of defendants complained of herein, plaintiff's predecessor also adopted the following RICOBENE'S logo for restaurant, carry-out food, and catering services:



15.    Plaintiff and its predecessor also adopted and have used other RICOBENE'S

5

logos, including the following, since prior to the acts of defendants complained of herein:





The aforesaid logos are referred to as "RICOBENE'S logos," and the mark RICOBENE'S and the RICOBENE'S logos collectively are referred to hereafter as "RICOBENE'S marks."

16.     Plaintiff's food offerings are described in its RICOBENE'S Catering Menu.

17.     Plaintiff has featured a checkerboard strip design in its restaurant and in its advertising and promotional materials, including on RICOBENE'S signage, menu, plates,

sandwich wrappers, bags, and delivery cars and trucks.

18.     As a result of extensive use over many decades, plaintiff has built up and now owns an enormously valuable goodwill which is symbolized by its aforesaid RICOBENE'S marks.

### Defendant Khorasani's Past Association With Plaintiff

19.     Defendant, Mohsen Khorasani was hired to work as a manager at plaintiff's predecessor's RICOBENE'S restaurant located in Orland Park, Illinois in or about 2006.

20.     In 2007 defendant Khorasani entered into a Trademark License Agreement which allowed defendant Khorasani to use the RICOBENE'S mark for a restaurant in Bolingbrook, Illinois.

21.     In or about 2013, the RICOBENE'S restaurant in Bolingbrook, Illinois operated by defendant Khorasani ceased operation.

### Defendants' Willful Adoption of Infringing Marks And False Representations

22.     Following closure of the RICOBENE'S restaurant in Bolingbrook, Illinois, defendants opened a restaurant not connected with plaintiff's RICOBENE'S restaurant, in Naperville, Illinois, a short distance from the former Bolingbrook RICOBENE'S restaurant.

23.     Defendants have prominently used plaintiff's RICOBENE'S mark to advertise and promote their restaurant, falsely indicating on signage and elsewhere that their restaurant was "previously known as RICOBENE'S of Bolingbrook."

24.     Defendants are using the following logo for their Naperville restaurant:



(hereafter "Defendants' Logo").

25.     Defendants' logo is a simulation and colorable imitation of plaintiff's RICOBENE'S logos, and displays a mark derived from plaintiff's RICOBENE'S mark and logos.

26.     Defendants also have used photographs of plaintiff's food offerings, including plaintiff's breaded steak sandwich and plaintiff's pizza, to advertise and promote their restaurant offerings, including in their menus and on other materials.

27.     Defendants have advertised that defendant Khorasani is "the man who has been making those Famous Breaded Steaks for decades," when, on information and belief, Khorasani first began making RICOBENE'S Famous Breaded Steak Sandwiches in 2007 when he was operating the RICOBENE'S restaurant in Bolingbrook pursuant to license.

28.     Defendants have copied, virtually verbatim, plaintiff's descriptions of its food offerings in its menu, including its Catering Menu.

29.      Defendants prominently have displayed a photograph in their restaurant of plaintiff's founder, Rosario Ricobene, at his RICOBENE'S take-out food establishment in Chicago, Illinois in the 1940's or 1950's, the same photograph as that displayed at plaintiff's

RICOBENE'S restaurant on 26th Street and shown at Paragraph 8, above.

30.     Defendants have used a checkerboard strip in the same manner as plaintiff has used a checkerboard strip in its advertising and promotional materials.

31.     Defendants have claimed that their restaurant has been in operation since 2007, when they opened it in 2013.

32.     Defendants' aforesaid acts are intentional and willful.

33.     Defendants' aforesaid acts are for the purpose of having persons believe that defendants are plaintiff, are associated with plaintiff, or are the successor to plaintiff.

34.     Defendants' aforesaid acts are likely to cause confusion, mistake or deception in that persons are likely to believe that defendants' services are plaintiff's services or services that are sponsored or approved by plaintiff or in some way related to plaintiff.

35.     On information and belief, defendants have made profits and gains to which they are not entitled through use of plaintiff's RICOBENE'S marks and other acts described above.

36.     Defendants' aforesaid acts are greatly and irreparably damaging to plaintiff and will continue to damage plaintiff unless restrained by this Court; wherefore plaintiff is without an adequate remedy at law.

### Count I – Trademark Infringement

37.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 - 36, supra.

38.     Defendants' aforesaid acts constitute infringement of plaintiff's RICOBENE'S name and marks in violation of the Trademark Law of the United States (15 U.S.C. §§ 1051-1127) and the common law of the various states, including Illinois.

## Count II – Unfair Competition (False Representation)

39.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 - 36, supra.

40.     Defendants' aforesaid acts constitute false representations and unfair competition in violation of 15 U.S.C. § 1125(a) and the common law of the various states, including Illinois.

## Count III – Deceptive Trade Practices

41.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 – 36, supra.

42.     Defendants' aforesaid acts constitute deceptive trade practices, in violation of the Deceptive Trade Practices Act of Illinois, 815 ILCS 510/1 *et. seq*.

## Count IV – Consumer Fraud And Deceptive Business Practices

43.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 – 36, supra.

44.     Defendants' aforesaid acts constitute deceptive business practices, in violation of the Consumer Fraud And Deceptive Business Practices Act of Illinois, 815 ILCS 505/1 *et. seq*.

WHEREFORE, Plaintiff prays that:

1.      Defendants, their agents, servants, employees, and attorneys, and any and all persons in active concert or participation with defendants, be enjoined and restrained from:

  (a)     using any name or mark which is substantially identical to, confusingly similar to, a colorable imitation of, or derived from plaintiff's RICOBENE'S marks and logos;

  (b)     making any false claim or representation that a restaurant operated by

defendants, or either of them, was previously known as RICOBENE'S;

(c)      making any false claim or representation that defendant Khorasani has been making Famous Breaded Steak sandwiches for decades;

(d)      displaying photographs of plaintiff's founder, Rosario Ricobene;

(e)      displaying photographs of plaintiff's food offerings or using a checkerboard strip design; and,

(f)      displaying or distributing menus which are copied from plaintiff's menu, including its Catering Menu.

2.      Defendants be required to deliver up for destruction, all signage, brochures and other promotional pieces, letterhead, business cards and other materials bearing a colorable imitation of any of plaintiff's RICOBENE'S marks and logos.

3.      Defendants be required:

(a)      to account for and pay over to plaintiff, all gains, profits, enrichments and advantages derived by defendants from their acts complained of herein;

(b)      to pay to plaintiff, three times the amount of all damages incurred by plaintiff by reason of defendants' acts complained of herein relating to infringement of plaintiff's RICOBENE'S marks and logos; and

(c)      to pay to plaintiff the costs of this action and plaintiff's reasonable attorney fees and disbursements incurred herein.

4.      Plaintiff have such other and further relief as this Court deems just and equitable.

Respectfully submitted,

SMART & BOSTJANCICH

By:     s/ John Bostjancich
        Patricia S. Smart
        John Bostjancich
        30 West Monroe Street
        Suite 800
        Chicago, Illinois  60603
        (312) 857-2424

Attorneys for Plaintiff